UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
R.H. MANDEVILLE,                            )
                                            )
       Petitioner,                          )
                                            )   Civil Action No.
      v.                                    )   14-12220-FDS
                                            )
LUIS SPENCER,                               )
                                            )
       Respondent.                          )
_____)

**MEMORANDUM AND ORDER ON**
**RESPONDENT'S MOTION TO DISMISS AND**
**MOTION FOR A MORE DEFINITE STATEMENT**

**SAYLOR, J.**

       This is a petition for a writ of habeas corpus by a prisoner in state custody. Petitioner Rae Herman Mandeville was convicted on June 15, 1977, of murder in the first degree and armed assault with intent to murder. He was sentenced to concurrent prison terms of life for murder and eighteen to twenty years for armed assault with intent to murder. Proceeding *pro se*, he now seeks habeas relief pursuant to 28 U.S.C. § 2254. Respondent Luis Spencer has moved to dismiss the petition for a writ of habeas corpus as time-barred under 28 U.S.C. §2244(d), or in the alternative, for a more definite statement. For the reasons set forth below, the motion to dismiss will be denied, and the motion for a more definite statement will be granted.

       This case is before the Court in a somewhat bizarre procedural posture. The original conviction is now 38 years old. Over the years, Mandeville has filed seven motions for a new trial in the Superior Court, all but one of which have been denied (the other apparently has never been ruled upon); purported to file two other motions for a new trial, which do not appear to have been docketed; filed two petitions to the single justice session of the Supreme Judicial

Court (both denied); and filed two prior petitions for a writ of habeas corpus filed in the District of Massachusetts (both also denied).

Mandeville once again seeks relief through a third federal petition for a writ of habeas corpus. Remarkably, under Massachusetts and federal law, that petition is not untimely. In 1996—19 years after Mandeville's conviction, and 19 years ago—Congress passed a statute that essentially provided a one-year limitation period for filing federal habeas petitions. That one-year period normally begins to run when the state appellate process has run its course. Mandeville has never sought appellate review of the denial of two of his motions for a new trial—one of which was denied in 1982 (33 years ago), and one in 1991 (24 years ago). Somewhat incredibly, it appears that he can still seek such review under state law, notwithstanding the passage of multiple decades. Accordingly, under federal law, the one-year limitations period for his federal habeas claim has been tolled at all relevant times.

Whether that is a sensible result is very much open to question; nonetheless, it appears to be required by law, and therefore the petition will not be dismissed as untimely. That does not mean, of course, that the petition will be granted; whether the petition should be dismissed on other grounds, such as failure to exhaust, is not presently before the Court. As a threshold step, respondent has requested that Mandeville be required to file a more definite statement of his claims, so that respondent can file an appropriate response. The Court will grant that request, and order that Mandeville file such a statement within 42 days.

## I.   **Background**

On the night of February 14, 1976, Rae Herman Mandeville entered the apartment of his girlfriend, Emily Kincaid, and upon finding her in bed with another woman, shot them both. *Commonwealth v. Mandeville*, 386 Mass. 393, 395 (1982). Ms. Kincaid was killed. The other

woman, Donna Lucas, was seriously injured, but ultimately survived the ordeal. *Id.* On April 27, 1976, Mandeville was indicted by a Suffolk County grand jury of murder in the first degree and armed assault with intent to murder. Indictment, *Commonwealth v. Mandeville*, No. 1976-99597 (Mass. Sup. Apr. 27, 1976); Indictment, *Commonwealth v. Mandeville*, No. 1976-99598 (Mass. Sup. Apr. 27, 1976).

On June 15, 1977, after a jury trial in the Suffolk County Superior Court, Mandeville was found guilty of both charges. On June 20, 1977, he was sentenced to concurrent prison terms of life for murder and eighteen to twenty years for armed assault with intent to murder.

Mandeville filed a timely notice of appeal as to the murder conviction on June 24, 1977. Docket No. 1976-99597. On June 1, 1979, he filed an assignment of errors, after receiving an extension of time for its filing. *Id.* On June 3, 1982, the Massachusetts Supreme Judicial Court affirmed the judgments. *Mandeville*, 386 Mass. 393.[1] He did not file a petition for a writ of certiorari in the United States Supreme Court.

Mandeville then filed a series of motions for a new trial. He filed his first such motion on August 5, 1982. Docket No. 1976-99597. It was denied on October 19, 1982. *Id.* He then filed a motion to amend his motion for a new trial on November 9, 1982. *Id.* That motion was denied on January 4, 1983. *Id.* He filed another motion to amend his motion for a new trial on January 18, 1983, which was denied on the same day. *Id.* He filed yet another motion to amend his motion for a new trial on May 8, 1985. *Id.* The Superior Court held a hearing on that motion on

---

[1] The SJC is required to take direct review of convictions for first-degree murder, pursuant to Mass. Gen. Laws ch. 278, § 33E.

June 21, 1985, and denied it on July 9, 1985, citing the January 4, 1983 denial of the motion on the same grounds. *Id.*[2]

Mandeville filed a second motion for a new trial on September 13, 1991. *Id.* That motion was denied on November 21, 1991. *Id.*[3] He filed a third motion for a new trial on January 15, 1993. *Id.* It appears from the record that he purported to submit fourth and fifth motions for a new trial on February 1, 1993, and February 9, 1993, respectively. (Resp't App. Mot. Dismiss 75, 80). However, there does not appear to be a record of those motions on the docket, and therefore they do not appear to have ever been filed. Docket No. 1976-99597; *see also Commonwealth v. Mandeville*, No. SJ-2001-0558 (Mass. Feb. 10, 2005).[4]

Having not received a response to the third, fourth, and fifth motions for a new trial, Mandeville filed a petition for a writ of habeas corpus in this court on December 8, 1995. *Mandeville v. Dubois,* No. 95-cv-12115-MLW (D. Mass. Dec. 8, 1995).[5] He then filed a sixth motion for a new trial on December 19, 1995, in the Superior Court. Docket No. 1976-99597.[6] On January 22, 1996, Mandeville filed a motion to amend or correct his motion for a new trial in order to correct a citation. *Id.*[7] On May 3, 1996, the Superior Court denied his December 19,

---

[2] From the record, it does not appear that Mandeville ever filed an application in the single justice session of the SJC for leave to appeal the denial of the first motion for a new trial.

[3] From the record, it does not appear that Mandeville ever filed an application in the Single Justice Session of the SJC for leave to appeal the denial of the second motion for a new trial.

[4] It also appears that Mandeville purported to file a notice of appeal as to the three 1993 motions for new trial. (Resp't App. Mot. Dismiss 84). However, it appears that the notice of appeal was never docketed.

[5] This case was incorrectly docketed under the name *Manderville v. DuBois*, which appears to reflect a typographical error.

[6] Although the docket indicates that the sixth motion for a new trial was filed on December 19, 1995, the motion is dated November 10, 1995. (Resp't App. Mot. Dismiss 96-98).

[7] Although the Superior Court docket lists June 22, 1996, as the date of filing, the docket entry comes after the December 19, 1995 entry, and before the January 26, 1996 entry. Also, the Superior Court docket No. 1976-99598 lists January 22, 1996, as the date the motion to amend or correct was filed. Furthermore, the motion itself is

4

1995 (sixth) motion for a new trial. *Id.* On June 4, 1996, it denied his January 15, 1993 (third) motion for a new trial. *Id.*[8]

On September 13, 1996, Mandeville filed a request for an enlargement of time to file a notice of appeal of the June 4, 1996 denial of his January 15, 1993 (third) motion for a new trial. *Id.* The court granted that motion on September 25, 1996. *Id.* It appears, however, that Mandeville never actually filed a notice of appeal. *Id.*

Mandeville's petition for a writ of habeas corpus was still pending in this court on March 27, 2000, when he filed a petition for a writ of mandamus in the United States Court of Appeals for the First Circuit. *In re Mandeville*, No. 00-1423 (1st Cir. March 27, 2000). The record does not indicate the relief requested in the mandamus petition. The First Circuit denied the mandamus petition, but noted that he could seek to renew it if the District Court failed to take action within three months. (*Id.*). On April 7, 2000, the respondent filed a motion to dismiss the

---

dated January 12, 1996. (Resp't App. Mot. Dismiss 99). Accordingly, it appears that the actual date of filing was January 22, 1996.

    It is unclear what motion for a new trial Mandeville was attempting to amend or correct in that motion. The motion itself states that Mandeville was looking to amend his motion for a new trial "filed on and dated: 10 Nov. 95." Motion to Amend/Correct Motion for New Trial, *Commonwealth v. Mandeville*, Super. Ct. Docket No. 1976-99597 (Mass. Jan. 22, 1996). However, the record does not reflect any such motion. Rather, at the time Mandeville filed his motion to amend or correct, the only two motions for a new trial that were pending were the ones filed on January 15, 1993, and December 19, 1995. As noted, the December 19, 1995 motion for a new trial is dated November 10, 1995. Therefore, it appears that the motion to amend or correct applies to the December 19, 1995 motion. For present purposes, it does not matter what motion for a new trial Mandeville was seeking to amend or correct.

    In any event, in the motion to amend or correct, Mandeville sought only to change the citation in his motion for a new trial from "Rule 30(a)" to "Rule 30(b)" of the Massachusetts Rule of Criminal Procedure. Motion to Amend/Correct Motion for New Trial, *Commonwealth v. Mandeville*, Super. Ct. Docket No. 1976-99597 (Mass. Jan. 22, 1996).

    [8] It is unclear from the record when the third and sixth motions for new trials were actually denied. The docket indicates that the sixth motion for a new trial was denied on May 3, 1996, and that the third motion for a new trial was denied on June 4, 1996. Docket No. 1976-99597. However, the May 3, 1996 memorandum of decision is entitled "Memorandum of Decision on Defendant's Motion for a New Trial (III)." (Resp't App. Mot. Dismiss 33). It would therefore appear that the third motion for a new trial (but not the sixth motion) was in fact denied on May 3, 1996. The record also contains a memorandum of decision dated February 7, 1996. (Resp't App. Mot. Dismiss 35). However, the docket contains no mention of a memorandum of decision issued on February 7, 1996.

petition for habeas corpus. *Mandeville v. DuBois¸* No. 95-cv-12115-MLW (D. Mass. Apr. 7, 2000). On May 2, 2000, Judge Wolf of this Court granted the motion to dismiss without prejudice on the ground that Mandeville had not yet exhausted his remedies in state court, both because he had not sought a ruling from the Supreme Judicial Court compelling the Superior Court to make a ruling on his purportedly pending motions for a new trial, and because he presented claims to the district court that he had not yet raised in state court. Memorandum and Order, *Mandeville v. DuBois*, No. 95-cv-12115-MLW (D. Mass. May 2, 2000). On May 10, 2000, Mandeville filed for a certificate of appealability with the First Circuit, which was granted on September 8, 2000. Memorandum and Order, *Mandeville v. DuBois*, No. 95-cv-12115-MLW (D. Mass. Sept. 8, 2000).

On September 25, 2000, Mandeville moved to reopen his petition for a writ of habeas corpus. *Mandeville v. DuBois*, No. 95-cv-12115-MLW (D. Mass. Sept. 25, 2000). Judge Wolf stayed the case on February 19, 2001, pending the First Circuit's ruling on his appeal of the dismissal of the petition. Order, *Mandeville v. DuBois*, No. 95-cv-12115-MLW (D. Mass. Feb. 19, 2001). On June 19, 2001, the First Circuit affirmed the District Court's dismissal. *Id.* On September 17, 2001, Mandeville's motion to reopen his petition for a writ of habeas corpus was denied. *Id.*

On November 6, 2001, Mandeville filed a seventh motion for a new trial in the Superior Court. Docket No. 1976-99597. While that motion was pending, on November 29, 2001, he filed an application in the Single Justice Session of the SJC "for leave to appeal the denials of his third and sixth motions for a new trial and to obtain review of his fourth and fifth motions for a new trial." (Resp't App. Mot. Dismiss 65-67, 101); *see Commonwealth v. Mandeville*, SJC

Docket No. SJ-2001-0558 (Mass. Nov. 29, 2001).[9]  The November 6, 2001 (seventh) motion for a new trial was denied without a hearing on December 7, 2001.  Docket No. 1976-99597.[10]  On February 10, 2005, Justice Spina denied the November 29, 2001 petition for leave to appeal in its entirety.  *Commonwealth v. Mandeville*, SJC Docket No. SJ-2001-0558 (Mass. Feb. 10, 2005).

On March 10, 2005, Mandeville filed an eighth motion for a new trial.  Docket No. 1976-99597.  It appears that the eighth motion was never addressed by the Superior Court.[11]

On September 29, 2005, Mandeville filed a second petition for a writ of habeas corpus in this court.  *Mandeville v. Thompson*, No. 05-cv-11969 (D. Mass. Sep. 29, 2005).  On January 30, 2006, Judge Gertner of this Court denied the government's motion to dismiss the second petition.  The court noted that "[t]he government quite properly challenges the petition on the grounds that it was not filed within the applicable statute of limitations," but nonetheless "defer[red] consideration of the statute of limitations and . . . equitabl[e] toll[ing] . . . because of the unusual history of this case" and stayed the action "until Petitioner has exhausted his state remedies."  Order Denying Motion to Dismiss, *Mandeville v. Thompson*, No. 05-cv-11969 (D. Mass. Jan. 30, 2006).  Judge Gertner ordered the petitioner to submit reports on the status of his state claims every three months.  (*Id.*).  Mandeville filed reports every three months from the time of the

---

[9] The petition is dated November 18, 2001.  (Resp't App. Mot. Dismiss 67).  However, it appears on the docket that it was filed on November 29, 2001.  (Resp't App. Mot. Dismiss 63).

[10] From the record, it does not appear that Mandeville ever filed an application in the Single Justice Session for the SJC for leave to appeal the denial of the seventh motion for a new trial.

[11] Respondent argues that the denial of the January 24, 2011 (ninth) motion for a new trial by the Superior Court, which occurred on May 8, 2012, should also be read to include a denial of the March 10, 2005 (eighth) motion for new trial.  The May 8, 2012 order that denied Mandeville's motion for a new trial identified the subject of that motion as a claim of alleged ineffective assistance of counsel.  (Resp't App. Mot. Dismiss 127-28).  The order does not identify the date the motion it was denying was filed.  (*Id.*).  However, the docket states that the court's order on defendant's motion for a new trial denied the January 24, 2011 motion.  (Resp't App. Mot. Dismiss 17).  It would therefore appear that the May 8, 2012 order only applied to the January 24, 2011 motion.  The only item in the record that appears to suggest that the May 8, 2012 order may apply to the March 10, 2005 motion is Mandeville's July 10, 2012 petition to the single justice.  (Resp't App. Mot. Dismiss 107-22).  Under the circumstances, the March 10, 2005 (eighth) motion for a new trial appears to remain pending.

order until July 2, 2012, missing only one report in 2011.  Memorandum and Order, *Mandeville v. Thompson*, No. 05-cv-11969 (D. Mass. Mar. 31, 2014).

Meanwhile, Mandeville had filed a ninth motion for a new trial in state court on January 24, 2011.  Docket No. 1976-99579.  That motion was denied on May 8, 2012.  *Id.*  On July 6, 2012, Mandeville filed a motion to amend a late notice of appeal, but the Superior Court denied the motion on August 27, 2012, stating that the court would not act on the motion because the late notice of appeal had not been filed or docketed.  *Id.*

On July 13, 2012, Mandeville filed a gatekeeper application in the SJC single justice session to review the May 8, 2012 decision.  Petition to the Single Justice, *Commonwealth v. Mandeville*, No. SJ-2012-0291 (Mass. July 13, 2012).  On August 10, 2012, that application was denied because it "failed to raise a 'new and substantial' question justifying further review." Memorandum of Decision, *Commonwealth v. Mandeville*, No. SJ-2012-0291 (Mass. Aug. 30, 2012).  An August 30, 2012 order confirmed the denial of the application.  *Id.*[12]

On March 31, 2014, Judge Wolf reopened Mandeville's second habeas corpus petition, after it was transferred to him following Judge Gertner's retirement.  Memorandum and Order, *Mandeville v. Thompson*, No. 05-cv-11969-MLW (D. Mass. Mar. 31, 2014).  He dismissed the petition on the ground of failure to exhaust his state remedies, noting, as Judge Gertner did, that the application was also "arguably time barred."  *Id.*  Judge Wolf also declined to issue a certificate of appealability.  *Id.*

Mandeville is currently incarcerated at the Old Colony Correctional Center in Bridgewater, Massachusetts.  He filed the present petition for a writ of habeas corpus pursuant to

---

[12] On June 19, 2013, the Office the Clerk of the SJC Single Justice Session reiterated in a letter to Mandeville that his gatekeeper application had been denied and the case was closed.  Letter to Rae Herman Mandeville, *Commonwealth v. Mandeville*, No. SJ-2012-0291 (Mass. June 19, 2013).

18 U.S.C. § 2254—his third—on May 2, 2014. His asserted grounds for review are "denials of appointment of counsel, ineffective assistance of counsel, additional violations of evidence in ballistics, perjury by a witness, intimidation of a witness by police, withholding favorable evidence by police, [and] additional 'privileged' communications arguments."

Respondent filed a motion to dismiss on November 24, 2014, contending that the petition was time-barred.

## II.     Analysis

### A.     Motion to Dismiss

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year limitation period for habeas corpus petitions by state prisoners. 28 U.S.C. § 2244(d). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Judgments are considered "final" for AEDPA purposes "when the ninety-day period for seeking certiorari expire[s]." *Neverson v. Farquharson*, 366 F.3d 32, 36 (1st Cir. 2004). In cases where a petitioner's conviction had become final before the effective date of the AEDPA, the First Circuit has construed § 2244(d) to allow petitioners a one-year "grace period" in which to file a habeas corpus petition. *See Gaskins v. Duval*, 183 F.3d 8, 9 (1st

Cir. 1999). That grace period began on April 24, 1996, the effective date of the AEDPA. *See Rogers v. United States*, 180 F.3d 349, 355 (1st Cir. 1999).

The statute excludes from the one-year limitation period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). "An application for post-conviction relief is pending from the time it first is filed with the state trial court, until the final disposition of a timely appeal or request for allowance of appeal." *Currie v. Matesanz*, 281 F.3d 261, 267 (1st Cir. 2002); *accord Swartz v. Meyers*, 204 F.3d 417, 420 (3d Cir. 2000) ("Tolling the period of limitation between the time a state court denies post-conviction relief and the timely appeal or request for allowance of appeal is consistent with the plain meaning of the statutory language . . . ."). An application for post-conviction relief is pending, "not only when it actually is being considered by the trial or appellate court, but also during the 'gap' between the trial court's initial disposition and the petitioner's 'timely filing of a petition for review at the next level.'" *Currie*, 281 F.3d at 266 (citing *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001)). "[A] State's procedural rules control whether an application for state post-conviction relief is pending under § 2244(d)(2)." *Herbert v. Dickhaut*, 695 F.3d 105, 108 (1st Cir. 2012) (quoting *Drew v. MacEachern*, 620 F.3d 16, 21 (1st Cir. 2010)).

In Massachusetts, a motion for a new trial is "pending" from the time it is "filed . . . in the Massachusetts Superior Court until the SJC denie[s] leave to appeal, thus extinguishing the possibility of further review." *Currie*, 281 F.3d at 271. Under Mass. Gen. Laws ch. 278, § 33E, "capital" prisoners (those convicted of first-degree murder) seeking to appeal a denial of post-conviction review must file an application with a single justice of the SJC. *See Currie*, 281 F.3d

at 267-68.  The single justice acts as a "gatekeeper," and may permit an appeal only if he or she determines that the issue presented is "new and substantial."  *Id.*

Before December 2000, under Massachusetts procedural rules, there was no time limit for filing a gatekeeper petition with the single justice pursuant to Mass. Gen. Laws ch. 278, §33E.  *See id.* at 271 n.12; *Mains v. Commonwealth*, 433 Mass. 30, 36 n.10 (2000).  On December 13, 2000, in *Mains*, the Supreme Judicial Court instituted a 30-day limit to file a gatekeeper petition after the denial of a new trial.  433 Mass. at 36 n.10.  That time limit, however, applied prospectively from the date of the *Mains* decision.  *Id.*

Therefore, under the Massachusetts procedural rules as they existed before December 2000, there was no time limit on a gatekeeper petition to the individual justice of the SJC to review a denial of a motion for a new trial.  *Currie*, 281 F.3d at 271.  Respondent contends that Mandeville's motions that were filed before the *Mains* decision should have been appealed within 30 days of December 13, 2000, the day of that decision.  However, because *Mains* only applies prospectively, motions for a new trial that were denied before the decision, but never appealed, are still governed by the rules of procedure as they existed beforehand—and there was apparently no time limit whatsoever for filing a gatekeeper petition.  *Id.*  Accordingly, and as the First Circuit has acknowledged, a "relatively small subset of petitioners," namely, "Massachusetts state prisoners who were convicted of first degree murder and whose new trial motions had been denied, but not appealed," when the SJC decided *Mains*, "could circumvent AEDPA's one-year statute of limitations" for "years, even decades."  *Id.*

This case presents such a circumstance.  Because Mandeville was convicted of first-degree murder, his only avenue for appeal of the denial of his post-conviction motions was through a gatekeeper petition to an individual justice of the SJC.  Furthermore, his motions for a

11

new trial had been denied, but never appealed, when the SJC announced the 30-day prospective time limit in *Mains*.[13] Accordingly, it would appear that he has unlimited time in which to file a gatekeeper petition to the individual justice at the SJC to review the denials of his pre-*Mains* motions. Under *Currie*, the limitations period on his petition for writ of habeas corpus is tolled for the entirety of that time—that is, until the gatekeeper petition has been filed and then denied.

Mandeville filed his first motion for a new trial on August 5, 1982, which was denied on October 19, 1982. He filed his second motion for a new trial on September 13, 1991, which was denied on November 21, 1991. Mandeville never filed a gatekeeper petition as to the denials of his first and second motions for a new trial. Although he filed multiple motions to amend the August 5, 1982 motion, those were all denied and such a motion does not constitute an appeal. The AEDPA limitations period therefore remains tolled.

Mandeville's January 15, 1993 (third) and December 19, 1995 (sixth) motions for a new trial were denied review by an individual justice on February 10, 2005. The limitations period was thus also tolled at least from the effective date of AEDPA (April 24, 1996) until February 10, 2005.

Mandeville also filed a (eighth) motion for a new trial on March 10, 2005. As noted, it appears that the March 10, 2005 motion was never addressed by the Superior Court. Mandeville therefore still has a motion for a new trial pending in state court, and accordingly, the limitations period remains tolled from March 10, 2005 until present.

In *Currie*, the delay in question was nine months. Here, it is 33 years and counting. Nonetheless, this Court can ascertain nothing in the language or logic of *Currie* to require a

---

[13] *Mains* was decided on December 13, 2000. Mandeville had filed four motions for a new trial prior to that date (on August 5, 1982; September 13, 1991; January 15, 1993; and December 19, 1995). He only appealed the denials of the January 15, 1993 and December 19, 1995 motions.

different result. Accordingly, Mandeville's petition is not time-barred under the AEDPA, and the motion to dismiss will therefore be denied.

### B. Motion for a More Definite Statement

A party may move for a more definite statement when the original complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion must "point out the defects complained of and the details desired." *Id.*

Respondent requested that Mandeville verify his documents, address the issues of timeliness and exhaustion for his petition, and adhere more closely to the standard-form petition. The Court agrees that the petition in its current form presents vagaries and ambiguities that prevent the respondent from reasonably preparing a response. Accordingly, the motion for a more definite statement will be granted.

### III. Conclusion

For the reasons stated above, the Court finds that the petition for a writ of habeas corpus is not time-barred under 28 U.S.C. §2244(d). Accordingly, the respondent's motion to dismiss is DENIED. The respondent's motion for a more definite statement is GRANTED. Petitioner shall file a more definite statement with respect to the issues of timeliness and exhaustion for his petition, and adhere more closely to the standard-form petition. Petitioner shall file that statement within 42 days of this order.

**So Ordered.**

Dated: July 23, 2015

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge