UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| R. H. MANDEVILLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 14-12220-FDS |
| | ) | |
| LUIS SPENCER, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER ON CERTIFICATE OF APPEALABILTY

**SAYLOR, J.**

To appeal a final order in a proceeding instituted under 28 U.S.C. § 2254, the petitioner must first obtain a Certificate of Appealability ("COA") from a circuit justice or a district court. *See* 28 U.S.C. § 2253(c). A COA will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). That standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court dismissed the petition because petitioner brought claims that had not been exhausted in state court, and did not show (1) "good cause" for that failure or (2) that dismissal would "unreasonably impair [his] right to obtain federal relief." *Rhines v. Weber,* 544 U.S. 269, 277–78 (2005). Nevertheless, a reasonable jurist could disagree with the Court's decision to dismiss the petition rather than stay it, or provide petitioner with an opportunity to delete the unexhausted claims and proceed on the merits of the exhausted claims.

Accordingly, a certificate of appealability is GRANTED as to whether the petition should have been stayed to permit petitioner to exhaust his state claims, or the petitioner should have been granted leave to delete his unexhausted claims and proceed on the merits of the exhausted claims, rather than dismissing the petition.

**So Ordered.**

Dated:  May 15, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge